**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM FLYNN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL EXPRESS, MICHAEL** | : | |
| **ROSATO, JANET C. BOOTH, JERRY** | : | |
| **MITCHELL, and RENEE PSZCZOLA** | : | **NO.  07-2455** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                **MAY 23, 2008**

Plaintiff, William Flynn ("Flynn"), filed an action against his former employer Federal

Express, capital manager Michael Rosato, and his former supervisors Janet C. Booth, Renee

Pszczola, and Jerry Mitchell.  Flynn alleges: (1) wrongful termination in violation of public

policy against all defendants; (2) disability discrimination in violation of the Americans with

Disabilities Act, 42 U.S.C. § 12101, *et seq*., against Federal Express; and (3) disability

discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951,

*et seq*., against all defendants.  Defendants filed a motion for partial summary judgment on

Flynn's claims of wrongful termination in violation of public policy (Count I) and disability

discrimination in violation of the PHRA (Count III).  Defendants' motion for partial summary

judgment will be granted in part and denied in part.

**I.      FACTS AND PROCEDURAL HISTORY**

Flynn avers that on August 1, 2003, he injured his right rotator cuff while in the course of

employment with Federal Express.  Flynn filed a claim under the Pennsylvania Workers'

Compensation Act for recovery for his injury.  On October 29, 2003, Sedgwick Claims

Management Services, a third party administrator, issued a Notice of Compensation Payable

stating Flynn would receive $589.48 in weekly wage loss benefits.

Flynn claims that in November 2003, he was forced to go on medical leave because Federal Express would not accommodate him by providing light duty work.  On March 12, 2004, Flynn filed a complaint alleging discrimination in violation of the PHRA with the Pennsylvania Human Relations Commission.  The complaint was dual filed with the Equal Employment Opportunity Commission ("EEOC").  On August 13, 2004, Federal Express terminated Flynn's employment.

Flynn filed a petition to modify compensation benefits, a petition to review compensation benefits offset, and a petition for penalties against Federal Express and Sedgwick Claims Management Services before a Workers' Compensation Judge.  On March 1, 2007, the parties requested that Flynn's petition to modify compensation benefits be amended to a petition to seek approval of a compromise and release agreement.  The compromise and release agreement ("Release Agreement") states, in relevant part:

> 18.  Miscellaneous provisions, if any.
>
> In exchange for an [sic] in consideration of a full Compromise and Release of all past, present and future liability, Claimant shall receive the sum of $135,000.00 subject to a 20% attorney's fee.  Claimant understands that he will receive $108,000.00 and his attorney will receive $27,000.00.  The Employer continues to deny liability and will NOT pay any medical expenses related to an alleged cervical or psychological injury.  This Agreement resolves all pending petitions and appeals.  Upon approval of this Agreement, Claimant agrees to withdraw the appeal pending before the WCAB.  This settlement does not affect any claim the Claimant has filed or has pending before the Pennsylvania Human Rights [sic] Commission alleging violations of the Americans with Disabilities Act.  Claimant agrees to waive his 20 day right to appeal and agrees to be bound by a bench order, if any.  (Defs.' Mot. Partial Summ. J. Ex. 3.)

In a decision filed March 2, 2007, the Workers' Compensation Judge granted the parties' petition

to seek approval of the Release Agreement, and dismissed Flynn's petition for penalties and petition to review as moot.

Defendants' motion for partial summary judgment asserts that Flynn's claims of wrongful termination in violation of public policy and disability discrimination in violation of the PHRA are barred by the terms of the Release Agreement.  Flynn filed a response in opposition.  The parties requested expedited consideration of the motion for partial summary judgment without oral argument.

## II.    DISCUSSION

A motion for summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving no genuine issue of material fact exists.  ABB Automation Inc. v. Schlumberger Resource Management Serv., Inc., 254 F.Supp. 2d. 479, 481 (3d Cir. 2002).  The court views the underlying facts and all reasonable inferences in the light most favorable to the nonmoving party.  Id.  But for a nonmoving party to survive a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make a sufficient showing on an essential element of that party's case with respect to which it bears the burden of proof, summary judgment should be granted.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Defendants argue they are entitled to partial summary judgment because the Release Agreement released Federal Express and Sedgwick Claims Management Services from all past,

3

present, and future liability, except for liability under the Americans with Disabilities Act.  In

Pennsylvania, a signed release is binding on the parties unless executed and procured by fraud,

duress, accident, or mutual mistake.  Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885,

892 (3d Cir. 1975).  The Workers' Compensation Act allows parties to compromise and release

any and all liability claimed to exist under the Act on account of injury or death.  77 P.S.

§ 1000.5.  A valid compromise and release agreement approved by a workers' compensation

judge is final, conclusive, and binding.  Commonwealth, Dept. of Labor & Indus., Bureau of

Workers' Comp. v. W.C.A.B., 932 A.3d 309, 314 (Pa. Cmwlth. 2007).  Liability not

compromised and released remains.  Id.

 The Release Agreement between Flynn and Federal Express is a contract between the

parties.  Cf. Halderman v. Pennhurst State School and Hosp., 901 F.2d 311, 318 (3d Cir. 1990)

(settlement agreement approved by court order should be treated as a contract); Washington

Hosp. v. White, 889 F.2d 1294, 1300 (3d Cir. 1989); Century Inn, Inc. v. Century Inn Realty,

Inc., 516 A.2d 765, 358 Pa. Super. 53, 58 (1986) ("enforceability of settlement agreements is

determined according to principles of contract law").  In construing a contract, the court adopts

the most reasonable and probable interpretation while bearing in mind what the parties intended

to accomplish through the agreement.  Wrenfield Homeowners Ass'n, Inc. v. DeYoung, 410 Pa.

Super. 621, 627 (1991).  Effect must be given to all provisions in the contract.  Commonwealth,

Dept. of Transp. v. Manor Mines, Inc., 565 A.2d 428, 523 Pa. 112, 119 (1989).

 The Release Agreement clearly releases Federal Express from "all past, present and future

liability" except for any claim "pending before the Pennsylvania Human [Relations] Commission

alleging violations of the Americans with Disabilities Act."  (Defs.' Mot. Partial Summ. J. Ex.

4

3.)  On March 1, 2007, when the parties requested approval of the Release Agreement, Federal

Express had terminated Flynn's employment, and Flynn had a PHRA claim pending before the

Pennsylvania Human Relations Commission.  The Release Agreement preserved only his

Americans with Disabilities Act claim.  Had the parties intended to preserve Flynn's PHRA and

wrongful termination claims, the Release Agreement should have provided an exception for

those claims as well as his claim for violation of the Americans with Disabilities Act.  The

provision releasing Federal Express from "all past, present and future liability" covers Flynn's

PHRA and state wrongful termination in violation of public policy claims.

Flynn argues his PHRA and wrongful termination in violation of public policy claims

were preserved because the Workers' Compensation Judge did not have jurisdiction to approve

settlement of any claims other than under the Workers' Compensation Act.  But "it is widely

recognized that courts without jurisdiction to hear certain claims have the power to release those

claims as part of a judgment."  C.L. Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1563-64

(3d Cir. 1994) (state court has power to enter a settlement negotiated by the parties as a judgment

releasing exclusive federal claims that the state court could not itself entertain).  Partial summary

judgment will be granted as to Federal Express.

Michael Rosato, Janet C. Booth, Renee Pszczola, and Jerry Mitchell were not parties to

the Release Agreement, nor were they third party beneficiaries of its provisions.  They may not

invoke its broad release from liability.

## III.    CONCLUSION

Defendants' motion for partial summary judgment on Flynn's claims of wrongful

termination in violation of public policy (Count I) and violation of the Pennsylvania Human

5

Relations Act (Count III) will be granted in part and denied in part, without prejudice to a motion for summary judgment on other grounds.  Partial summary judgment will be entered in favor of Federal Express on Counts I and III.  Partial summary judgment will not be granted in favor of Michael Rosato, Janet C. Booth, Renee Pszczola, or Jerry Mitchell for the reasons cited in the motion.  Flynn may proceed against Federal Express on his Americans with Disabilities Act claim (Count II), and against Michael Rosato, Janet C. Booth, Renee Pszczola, and Jerry Mitchell on all claims (Counts I, II, and III).

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM FLYNN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL EXPRESS, MICHAEL** | : | |
| **ROSATO, JANET C. BOOTH, JERRY** | : | |
| **MITCHELL, and RENEE PSZCZOLA** | : | **NO.  07-2455** |

**ORDER**

**AND NOW**, this 23rd day of May, 2008, upon consideration of defendants' motion for partial summary judgment (paper no. 23) and plaintiff's response, for the reasons stated in the accompanying memorandum and order, it is **ORDERED** that:

1.      Defendants' motion for partial summary judgment (paper no. 23) is **GRANTED in part** as to defendant Federal Express and **DENIED in part** as to defendants Michael Rosato, Janet C. Booth, Renee Pszczola, and Jerry Mitchell, without prejudice to another motion for summary judgment on other grounds.

2.      Partial judgment is entered in favor of defendant Federal Express on plaintiff's claims of wrongful termination in violation of public policy (Count I) and violation of the Pennsylvania Human Relations Act (Count III).

3.      Plaintiff may proceed against defendant Federal Express on the Americans with Disabilities Act claim (Count II).

4.      Plaintiff may proceed against defendants Michael Rosato, Janet C. Booth, Renee Pszczola, and Jerry Mitchell on all counts.

/s/ Norma L. Shapiro
Norma L. Shapiro, S.J.